1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN COFFER,                          Case No.  2:25-cv-1709-JDP (P)

12              Plaintiff,

13         v.                                  ORDER

14   J. PURTLE,

15              Defendant.

16

17

18         Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against J. Purtle, a

19   lieutenant at California Health Care Facility.  ECF No. 1.  The allegations fail to state a claim.

20   Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted

21   herein.  I will grant plaintiff's latest application to proceed *in forma pauperis*, ECF No. 7, and

22   deny his earlier one as moot, ECF No. 3.

23                          **Screening and Pleading Requirements**

24         A federal court must screen the complaint of any claimant seeking permission to proceed

25   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28   relief.  *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on July 28, 2024, Purtle placed him on a "128B Handcuff Chronal," which resulted in him not having any out-of-cell time and no group or exercise time for thirty days. ECF No. 1 at 4. This designation prohibited plaintiff from participating in a program in the B7A unit because that unit is not equipped to monitor inmates with a 128B Handcuff Chronal. Plaintiff alleges, however, that the B4A unit is equipped to monitor inmates with that designation, and that Purtle violated plaintiff's rights by not placing him in the B4A unit. *Id.* In response to Purtle's actions, plaintiff engaged in a hunger strike and was eventually sent to an outside hospital. *Id.*

"[R]egular outdoor exercise is extremely important to the psychological and physical well being of" prison inmates. *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979). Exercise is

one of the basic human necessities protected by the Eighth Amendment of the United States

Constitution. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).  To assert an Eighth Amendment claim

for deprivation of human necessities, a prisoner must satisfy two requirements, one of which is

objective and the other of which is subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"Under the objective requirement, the prison officer's acts or omissions must deprive an inmate

of the minimal civilized measure of life's necessities." *Allen v. Sakai,* 48 F.3d 1082, 1088 (9th

Cir.1995) (internal citations omitted).  The subjective requirement, relating to the prison official's

state of mind, requires "deliberate indifference." *Id.* at 1087.

The complaint sufficiently alleges the objective prong. *See Lopez v. Smith*, 203 F.3d

1122, 1133 (9th Cir. 2000) (violation found where prisoners were denied all exercise for 6.5

weeks); *Norwood v. Woodford*, 583 F. Supp. 2d 1200, 1204 (S.D. Cal. 2008) (finding that a

denial of all outdoor exercise for 39 days met the objective prong).  However, the complaint

contains no allegations that Purtle placed plaintiff in the B7A unit with the intent to cause him

harm.  Deliberate indifference is found when a prison official knows of and disregards an

excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837.  There are no allegations that

Purtle intentionally placed plaintiff in the B7A unit to punish him or to prohibit him from having

out-of-cell time.  Indeed, there are no allegations that Purtle knew plaintiff would be so restricted

in the B7A unit.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If

plaintiff decides to file an amended complaint, the amended complaint will supersede the current

one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

that the amended complaint will need to be complete on its face without reference to the prior

pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

need to assert each claim and allege each defendant's involvement in sufficient detail.  The

amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No.7, is GRANTED, and his earlier request, ECF No. 3, is DENIED as moot.

2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:  ___August 4, 2025___                      _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

4